L. R. ZECK, Appellant, v. SAMUEL R. BOWERS, Appellee.

**BROKERS:** Duties of Brokers—Bad Faith of Agent. An agent who was employed by the owner of a moving picture machine; and who, by his false statements, induced the purchaser found by the owner to abandon the deal which would otherwise have been made, is liable for any damages resulting therefrom to the owner.

**BROKERS:** Duties of Brokers—Prevention of Sale—Slander of Title —Malice.  Where an agent employed to find a buyer for a moving picture machine is sued by the owner on the alleged grounds that the agent prevented a sale to a purchaser, by false statements that the owner was not able to give the purchaser a good title, it is immaterial whether the agent was actuated by malice, or whether the alleged false representations would be technically sufficient to sustain an action for slander of title.

**PLEADING:** Amendments—Conforming Pleading to Proof.  Where the parties treated the pleading as presenting a jury question, and an allegation of malice, made in an amendment, did not call

for any evidence in addition to what had been offered, a request to be allowed to file such amendment should have been granted, and its refusal was prejudicial error.

*Appeal from Polk District Court.*—HUBERT UTTERBACK, Judge.

· APRIL 15, 1919.

ACTION at law to recover damages. The facts are stated in the opinion. Trial to a jury, and directed verdict for defendant. Plaintiff appeals.—*Reversed and remanded.*

*John McLennan* and *H. F. Zeuch,* for appellant.

*McHenry & Bowers,* for appellee.

WEAVER, J.—Plaintiff alleges that, being the owner of a certain moving picture outfit, which he desired to sell, he engaged the defendant as his agent to assist in finding a purchaser; that thereafter, plaintiff by his own effort found a purchaser, one Kirkwood, who agreed to purchase the property for $1,000, on condition that plaintiff made proper showing of good title. He further alleges that Kirkwood was ready, able, and willing to complete the purchase and pay the price, but was prevented from so doing by the wrongful interference of defendant, who represented to said Kirkwood that he (defendant) was the owner of the property, or of a lien thereon to the amount of several hundred dollars, and that plaintiff was not able to give a purchaser a good title; that said statements and representations were false, and known by the defendant to be false, but served to deter Kirkwood from proceeding further in the matter. It is further alleged that plaintiff thereafter sold and disposed of the property at the best obtainable price, which was materially less than Kirkwood had agreed to pay and would have paid, but for defendant's wrongful interference; and a recovery of damages because of such wrong is demanded. In a sec-

ond count, the plaintiff restates his cause of action, omitting therefrom the allegation of the defendant's agency.

The defendant denies the plaintiff's claim, and sets up a counterclaim for $80 on account of commissions alleged to have been earned by defendant in a prior transaction. The counterclaim is admitted.

The issues were tried to a jury. Before the cause was submitted, plaintiff asked leave to amend his petition, to cure an alleged oversight therein, by inserting words to the effect that the alleged wrongful act or representation by the defendant was malicious. This application was denied by the court, which thereupon sustained defendant's motion for a directed verdict in his favor, and judgment was entered accordingly.

The questions presented for our consideration may be stated as follows: (1) Upon the issues as made by the first count of the petition and the answer thereto, did plaintiff make a case on which he was entitled to go to the jury? (2) Did the court err in overruling plaintiff's application for leave to amend his petition?

I. Taking up the first inquiry, it appears that defendant had acted as agent for plaintiff in a transaction or trade by which the latter acquired the moving picture outfit, and plaintiff swears that, at or about the time of that deal, he asked defendant to find him a buyer for that property, and that defendant responded that he would have no trouble in doing so. The witness further says that the matter was thereafter frequently discussed by them, and defendant "kept telling me he had some party coming in a few days." If the jury believed this evidence, it would have been justified in finding that defendant had undertaken to act as plaintiff's agent, and as such, he was bound in good faith to aid and assist, so far as he honestly could, in making a sale of the property; and if he not only failed to do so, but by

1. BROKERS: duties of brokers: bad faith of agent.

false statements induced a purchaser found by plaintiff to abandon the deal, and thus prevented a sale which would otherwise have been made, he is clearly liable for the damages, if any, resulting therefrom to the plaintiff. There is also evidence tending to show that the purchaser was ready, able, and willing to buy, but was deterred therefrom by defendant's representations. Under such circumstances, we think it immaterial whether, in the absence of an allegation and proof of defendant's agency, his alleged false representations would be technically sufficient to sustain an action for slander of title. In short, the petition in its original form sufficiently alleges a cause of action, and there was testimony tending to support the same, sufficient to take that issue to the jury.

2. BROKERS: duties of brokers: prevention of sale: slander of title: malice.

Moreover, under the issues as joined, we think the omission to allege, in express terms, that defendant acted maliciously was not such a defect as to defeat his right of recovery, as a matter of law. In other words, his liability for breach of duty as an agent depends in no manner upon the question of malice.

II. Did the trial court err in refusing plaintiff leave to amend his petition?

Our statute providing for amendments to pleadings is very liberal, and the rule so provided has been very liberally construed by the courts. Amendments pertinent to the matter in controversy are very frequently allowed after the close of the testimony, and even after verdict; and it may be said that the right to amend is the rule, and its denial is an exception, applied only where there is a clear lack of diligence by the party asking leave, or where it is evident that its allowance will not tend to promote the ends of justice. In this case, as we have already noted, plaintiff stated his cause of action in two counts. In

3. PLEADING: amendments: conforming pleading to proof.

the first count, he set up the alleged agency of the defend-
ant and his wrongful interference in the deal with Kirk-
wood. In the second count, he omitted the allegation of
agency, but otherwise restated, in substance, the matter of
the first count. Our discussion in the first paragraph of
this opinion has special reference to the issues joined upon
the first count of the petition, and the conclusion is reached
that an allegation of malice on defendant's part is not essen-
tial to the statement of a cause of action, and that there was
sufficient evidence to require its submission to the jury. Con-
struing the claim stated in the second count as alleging a
slander of title, the defendant made the point, and the court
seems to have held, that allegation and proof of malice were
essential to a recovery of damages. Assuming, for the pur-
poses of this appeal, the correctness of the legal proposition
so made, it is at least doubtful whether the allegation in the
original pleading that defendant's representations to Kirk-
wood were false, and known by him at the time to be false,
is not, in substance and effect, an allegation of malice. It is
unnecessary, however, to so hold at this time; for the ap-
pellee, yielding to the view of the court in that respect, then
offered to amend by inserting the necessary clause in his
petition, but the offer was denied. In so ruling, the court
erred. We have often held, for example, that, while an al-
legation of due care by the plaintiff is essential to the state-
ment of a complete cause of action in a negligence case, yet,
where such allegation is omitted, and the parties proceed to
a trial without any advantage's being taken of the omission,
the plaintiff will be permitted to amend, at the close of the
evidence, to conform the pleading to the evidence adduced.
We see no good reason why the same reasonable rule should
not be applied here. The parties, plaintiff and defendant,
each treated the pleadings as presenting jury issues, and
each offered and introduced evidence in support of their re-
spective claims. So far as is suggested by the record, the

allegations of malice made in the amendment did not call for any evidence in addition to what had been offered. Defendant's counsel, while saying that his client had left the court on the supposition that the testimony had been closed, made no claim or showing that he desired further time, or that he had any other testimony in reserve; and, had such objection been made, we must assume that the court would have granted reasonable time for its presentation. The request for leave to amend should have been granted, and its refusal was prejudicial error.

For the reasons stated, a new trial must be granted. The judgment of the district court is reversed, and the cause remanded.—*Reversed and remanded.*

LADD, C. J., GAYNOR and STEVENS, JJ., concur.